UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/9/07
```

|  |  |
|---|---|
| Commodity Futures Trading Commission, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| Remco Capital Management, Inc., Nutone Asset Management, Ltd., Andrei Maruha | ) ) ) |
| Defendants | ) ) |
| and | ) ) |
| Rancon Capitol Management Corp., Michelle Mestolo, | ) ) ) |
| Relief Defendants. | ) ) ) ) |

CIVIL ACTION
04 CIV 9029 (KMW)

~~(Proposed)~~ Order For Entry of
Judgment By Default, Permanent
Injunction, And Ancillary Relief
Against Defendants Remco Capital
Management, Inc., Nutone Asset
Management, Ltd., and Andrei Maruha,
and Relief Defendants Rancon Capitol
Management Corp., and Michelle
Mestolo.

On November 16, 2004, the Commodity Futures Trading Commission ("Commission")

filed a Complaint, charging Defendants Remco Capital Management, Inc. ("Remco"), Nutone

Asset Management, Ltd. ("Nutone"), and Andrei Maruha ("Maruha") (collectively the

"Defendants") with solicitation fraud and fraudulent misappropriation in violation of Section

4o(1)(B) of the Act, 7 U.S.C. § 6o(1)(B) (2002). The Complaint also charged Defendant Remco

with failing to register as a Commodity Pool Operator ("CPO") and Defendant Nutone with

failing to register as a Commodity Trading Advisor ("CTA") in violation of Section 4m(1) of the

Act, 7 U.S.C. § 6m(1) (2002). In addition, the Commission asserted that Defendant Remco

failed to receive all customer funds for the commodity pool it purported to operate in commodity

pool's name in violation of Regulation 4.20(b), 17 C.F.R. § 4.20(b). Furthermore, the

Commission asserted that Defendant Maruha is Defendant Remco's controlling person and therefore Defendant Maruha is vicariously liable for Remco's violations of Sections 4$\underline{o}$(1)(B) and 4m(1) of the Act and Commission Regulation 4.20, by operation of Section 13(b) of the Act, 7 U.S.C. § 13c(b).  Moreover, the Commission asserted that the relief defendants Rancon Capitol Management Corp. ("Rancon") and Michelle Mestolo ("Mestolo") (collectively the "Relief Defendants") are gratuitous beneficiaries and custodians of proceeds from the Defendants' fraud and should not be permitted to retain these funds.

On November 16, 2004, the Court issued a Statutory Restraining Order with Asset Freeze ("SRO"), which, among other things, froze the Defendants' and Relief Defendants' assets, granted the Commission immediate access to all books and records related to the defendants' business, and ordered that the Defendants and Relief Defendants provide to the Commission a full accounting of their assets and funds.

The Commission has now submitted its Application for Entry of Default Judgment, Permanent Injunction and Ancillary Relief ("Application") pursuant to F.R.C.P. 55(b)(2) and Local Rule 55.2(b).  The Court has carefully considered the Complaint, the allegations of which are well-pleaded and hereby taken as true, the Application and other written submissions of the Commission filed with the Court, and being fully advised in the premises, hereby:

**GRANTS** the Commission's Application For Entry of Judgment by Default, Permanent Injunction, and Ancillary Relief and enters conclusions of law finding the Defendants liable as to all violations as alleged in the Complaint.  Accordingly, the Court now issues the following Order for Default Judgment, Permanent Injunction and Ancillary Equitable Relief ("Order") against Defendants and Relief Defendants on issues of liability and the appropriate civil monetary penalties and restitution amounts.

2

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.    Jurisdiction and Venue

This Court has jurisdiction over the subject matter of this action and the Defendants and

Relief Defendants pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, which authorizes the

Commission to seek injunctive relief against any person whenever it shall appear that such

person has engaged, is engaging or is about to engage in any act or practice constituting a

violation of any provision of the Act or any rule, regulation or order thereunder.

Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-

1, in that the acts and practices in violation of the Act occurred within this district, among other

places.

### B.    Findings of Fact

#### 1.    Defendants Remco and Maruha Fraudulently Misappropriate Customer Funds and Defraud Investors

Defendant Nutone, through Associated Persons ("APs") working on its behalf, solicited

more than $1.1 million dollars from at least 40 customers to purportedly invest in the Remco

Investment Fund ("RIF") a purported commodity pool operated by defendant Remco. Nutone's

telephone solicitations and other advertising materials purport that Remco manages a hedge fund

that includes a portfolio of various sub-funds that among other things trade commodity futures

and options.

Nutone's telephone solicitations and other advertising materials purported to offer

investors the opportunity to speculate in a variety of markets, including commodity futures and

options. Nutone's APs promised customers impressive returns on their investment while

downplaying the risk of loss. One investment program, which was purportedly suited for those

investors seeking a "moderate risk, modest return strategy," boasted a two-year performance

3

record of 18.57% (year 1) and 30.49% (year 2) and 103.12% since its inception in October 2000.

Another investment program, which was advertised as a "higher risk/higher reward alternative

for investors seeking capital appreciation," claimed remarkable annual returns of 38.08% (year

1), 54.29% (year 2), and 68.22% (year 3) and 160.59% since inception in June 2003 [sic].

In contrast to Defendant Nutone's promises, customer funds were not traded at all.   After

customers were instructed to invest by making checks payable to Remco, the customer funds

were deposited into the Operating Account, an ordinary business checking account in Remco's

name at a Commerce Bank branch office in New York.  Funds were then withdrawn by

Defendant Maruha, transferred to the relief defendants, or used for business or personal

expenses.  Defendant Maruha, as sole signatory of the Operating Account, is responsible for all

movement of funds in the Operating Account.

### 2.    Defendant Nutone Solicited Investors Through Fraudulent Misrepresentations and Omissions

In soliciting prospective customers to invest on their behalf, Defendant Nutone made the

following misrepresentations of material fact:

a.    All funds deposited by customers are used for trading directed by Defendant Nutone.

b.    All funds are directed into one or more sub-funds that compose the customer's investment portfolio and represent the customer's investment in various markets that are made through futures, options, and other derivatives.

c.    Remco is a multi-billion dollar fund that trades in over 14 countries in Europe and Asia.

d.    Remco upholds the highest standards and business practices and is subject to strict financial requirements and reporting.

e.    Remco's "Fund of Funds" program, suited for those customers seeking a moderate risk/return strategy, boasts a performance record of 103% since inception in October 2000, and its "Managed Accounts" program, marketed towards higher risk/reward investors, claims annual returns of 160% since inception in June 2003.[sic].

4

These representations were intended to create an appearance of legitimacy. However,

these statements were false and or misleading, in that:

    a.    None of the customer funds were traded by either Nutone or Remco;
rather, they remained in Remco's operating account, were withdrawn by
Maruha through ATM or counter withdrawals, used for business or
personal expenses, or transferred to the relief defendants.

    b.    None of the customer funds were directed into sub-funds, and, in fact,
none were ever directed anywhere that would be consistent with trading.
Rather, all funds were deposited into a regular business checking account
in Remco's name where they were spent on business or personal
expenses, withdrawn by Maruha, or transferred to the relief
defendants.

    c.    Despite claims that its hedge funds had been in operation for 4 years,
Remco was incorporated in New York in January 2004.

    d.    Remco's operating account did not support its claim that it is a multi-
billion dollar fund or that it manages anything more than the $1.1 million
it solicited since it opened the account on August 31, 2004. In addition,
the account into which the customer funds were deposited was not a
trading account, but an ordinary business checking account, and none of
the funds were sent to any bank, financial institution, or other facility that
would indicate the existence of trading.

    e.    Neither Remco nor Nutone is registered, or has ever been registered, with
the CFTC or SEC, which means they were not in compliance with the
financial and reporting requirements described to investors and potential
investors.

**3.    Defendants Illegally Operated Without Registering**

Defendant Remco held itself out as a CPO by soliciting, accepting, and receiving funds

from retail customers for the purpose of pooling funds for the trading of a variety of investment

interests, including commodities, traded through futures, options, and other derivatives. At least

40 customers sent money to Remco for the purpose of investing in Remco's hedge fund, RIF,

and its sub-pools. In the course of soliciting customers, it made use of the mails or

instrumentalities of interstate commerce.

Remco's prospectus purported to offer eleven separate and distinct sub-funds that invest in different markets or groups of markets, including commodity futures and options. Investors were allowed to select and allocate their assets into the sub-funds, which purportedly pooled investor funds together in accordance with a collective investment scheme. Remco priced its investment instruments at $1,000 per unit.

Defendant Nutone held itself out to the public as a CTA in that for compensation or profit, it represented that it engaged in the business of advising others as to the value of or the advisability of trading in any contract of sale of a commodity for future delivery. In the course of doing so, it made use of the mails or instrumentalities of interstate commerce.

### 4.    Maruha was Remco's Controlling Person

Remco's bank records identify Maruha as the President of Remco. As Remco's President, principal, and the sole signatory on Remco's bank account, Maruha was the only person authorized to accept and receive customer investments. Maruha authorized each transaction that resulted in the fraudulent misappropriation of customer funds. As a result, Maruha is the controlling person of Remco.

### 5.    Relief Defendants Rancon and Mestolo

$200,000 in customer funds was transferred to Relief Defendant Rancon by check. This check was subsequently deposited into Rancon's business checking account at JP Morgan. The sole signatory on this account is Relief Defendant Mestolo. None of the funds transferred to Relief Defendant Rancon were used for trading.

6

## C.    Conclusions Of Law

Defendants Remco, Nutone, and Maruha committed fraud and fraudulent

misappropriation in violation of Section 4o(1)(B) of the Act, 7 U.S.C. § 6o(1)(B) (2002). Remco

failed to register as a CPO and Nutone failed to register as a CTA in violation of Section 4m(1)

of the Act, 7 U.S.C. § 6m(1) (2002). In addition, Remco failed to receive all customer funds for

the commodity pool it purported to operate in the name of the commodity pool in violation of

Regulation 4.20(b), 17 C.F.R. § 4.20(b). Furthermore, Maruha is Remco's controlling person

and is therefore vicariously liable for Remco's violations of Sections 4o(1)(B) and 4m(1) of the

Act and Commission Regulation 4.20, by operation of Section 13(b) of the Act, 7 U.S.C. §

13c(b). Moreover, defendants Rancon Capitol Management Corp. and Michelle Mestolo are

gratuitous beneficiaries and custodians of proceeds from the Defendants' fraud and should not be

permitted to retain these funds.

### ORDER FOR PERMANENT INJUNCTION

**IT IS HEREBY ORDERED** that:

Defendants Remco, Nutone, and Maruha are permanently restrained, enjoined and

prohibited from directly or indirectly:

> a.    While acting as a CPO, CTA or an Associated Person of a CP O or CTA,
> employing a device, scheme, or artifice to defraud commodity pool participants,
> or engaging in a transaction, practice or a course of business which operates as a
> fraud or deceit upon commodity pool participants, in violation of Section 4o(1) of
> the Act;

7

     b.      Making use of the instrumentalities of interstate commerce in connection with a business as a CPO or CTA without registering as a CPO or CTA, in violation of Section 4m(1) of the Act;

     c.      Receiving funds for investment in a Commodity Pool in a name other than that of the Commodity Pool, in violation of Commission Regulation 4.20(b);

     d.      Soliciting, receiving, or accepting any funds in connection with the purchase or sale of any commodity futures contract or any option on a futures contract;

     e.      Controlling or directing the trading of any commodity futures or commodity options account for or on behalf of any person or entity, directly or indirectly, whether by power of attorney or otherwise;

     f.      Acting in any capacity for which registration with the Commission is required under the Act;

     g.      Violating Sections 4o(1)(B) and 4m(1) of the Act and Commission Regulation 4.20.

The provisions of this Order shall be binding upon Remco, Nutone, and Maruha, upon any person insofar as he or she is acting in the capacity of officer, agent, servant or employee of Remco Nutone, or Maruha, and upon any person who receives actual notice of this Consent Order, by personal service or otherwise, insofar as he or she is acting in active concert or participation with Remco, Nutone, or Maruha.

## ORDER FOR ANCILLARY EQUITABLE RELIEF

**IT IS FURTHER ORDERED** that:

Remco, Nutone and Maruha are ordered to pay restitution, jointly and severally, in the amount of $1,130,000 ("Restitution Obligation"), which represents the amount solicited from Remco customers. Post-judgment interest shall accrue on the Restitution Obligation at the rate of 1.46%, pursuant to 28 U.S.C. § 1961;

The Restitution Obligation shall be offset by the amount distributed to Remco customers from funds seized by criminal authorities in the related criminal action;

Payment of the civil monetary penalty shall be made by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order, made payable to the Commodity Futures Trading Commission and sent to the following address:

**Commodity Futures Trading Commission
Division of Enforcement
ATTN: Marie Batement – AMZ-300
DOT/FAA/MMAC
6500 S. Macarthur Blvd.
Oklahoma City, OK, 73169**

The payment(s) shall include a cover letter that identifies the Defendant and the name and docket number of this proceeding. The cover letter shall also indicate the extent to which the Restitution Obligation was offset by amounts seized by criminal authorities in the related criminal action. The Defendant shall simultaneously transmit a copy of the cover letter and the form of payment to the Director, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington, D.C. 20581.

**IT IS FURTHER ORDERED** that:

Remco, Nutone, and Maruha, jointly and severally, shall pay a civil monetary penalty in the amount of $2,790,000, which represents the statutorily prescribed penalty amount of three

9

times the monetary gain from this fraud.  The civil monetary penalty is immediately due and

owing upon the entry of this Order provided that all payments made by Defendants pursuant to

this Order shall be applied first to satisfy Defendants' restitution payment under this Order and,

upon satisfaction of such obligations, shall thereafter be applied to satisfy Defendants' civil

monetary penalty obligations under this Order.  Defendants shall pay post-judgment interest on

the civil monetary penalty amount from the date of this Order until the civil monetary penalty

amount is paid in full pursuant to 28 U.S.C. § 1961;

Payment of the civil monetary penalty shall be made by electronic funds transfer, U.S.

postal money order, certified check, bank cashier's check, or bank money order, made payable to

the Commodity Futures Trading Commission and sent to the following address:

> **Commodity Futures Trading Commission**
> **Division of Enforcement**
> **ATTN: Marie Batement – AMZ-300**
> **DOT/FAA/MMAC**
> **6500 S. Macarthur Blvd.**
> **Oklahoma City, OK, 73169**

The payment(s) shall include a cover letter that identifies the Defendant and the name and docket

number of this proceeding.  The Defendant shall simultaneously transmit a copy of the cover

letter and the form of payment to the Director, Division of Enforcement, Commodity Futures

Trading Commission, 1155 21st Street, N.W., Washington, D.C.  20581.

**IT IS FURTHER ORDERED** that:

The Relief Defendants Mestolo and Rancon, jointly and severally, shall pay to the

Commission $200,000, which represents the amount that the Relief Defendants received from

the LRA fraud. This amount shall be offset by any amounts seized from Mestolo and Rancon by

criminal authorities in the related criminal action.

The payments set forth above shall be made by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order, made payable to the Commodity Futures Trading Commission and sent to the following address:

**Commodity Futures Trading Commission**
**Division of Enforcement**
**ATTN: Marie Batement – AMZ-300**
**DOT/FAA/MMAC**
**6500 S. Macarthur Blvd.**
**Oklahoma City, OK, 73169**

The payment(s) shall include a cover letter that identifies the Relief Defendant and the name and docket number of this proceeding.  The Relief Defendant shall simultaneously transmit a copy of the cover letter and the form of payment to the Director, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington, D.C.  20581.

**IT IS FURTHER ORDERED** that:

The Defendants or Relief Defendants shall not transfer or cause others to transfer funds or other property to the custody, possession or control of any other person for the purpose of concealing such funds or property from the Court, the Plaintiff, or any officer that may be appointed by the Court.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this case to assure compliance with this Order and for all other purposes related to this action.

SO ORDERED, at  __N.Y.__  , New York on this **5**$^{th}$ day of **March**, ~~2006~~ 2007, at

__1:30__  ~~a.m.~~/p.m.

Honorable Kimba M. Wood
UNITED STATES DISTRICT JUDGE

**The Clerk of Court is directed**
**to close this case. Any pending**
**motions are moot.**

11